836 F.2d 1343
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Aliha NOMAD, Terry Lawson, Plaintiffs-Appellants,
v.
Ed BROWN, Food Manager, Vivian Young, Food Administrator, T.
Austin, Food Supervisor, Dorothy Cooke, Food
Director, Defendants-Appellees.
 No. 87-6117.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 29, 1987.
Decided Jan. 8, 1988.
 
 Aliha Nomad, Terry Lawson, appellants pro se.
 Richard Francis Gorman, III, Office of Attorney General, for appellees.
 Before DONALD RUSSELL and JAMES DICKSON PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Aliha Nomad and Terry Lawson appeal the district court's entry of summary judgment in favor of the defendants in their 42 U.S.C. Sec. 1983 suit. Liberally construed, the complaint and other materials submitted by Nomad and Lawson allege that the defendants have violated their first amendment rights by providing them with inadequate nourishment from foods permitted by the Rastafarian religion.
 
 
 2
 In an attempt to meet the religious dietary requirements of Rastafarian inmates, defendant Dorothy Cooke developed a special Rastafarian diet. Nomad and Lawson dispute the nutritional adequacy of this diet. They have, however, submitted an affidavit from defendant Cooke stating that the diet is as nutritionally adequate as possible given the Rastafarians' religious dietary restrictions. This affidavit is unrefuted by anything other than the unverified assertions in Nomad's response to the defendants' motion for summary judgment. It therefore establishes that if the defendants were providing Nomad and Lawson with the foods listed on the diet, and if the foods were prepared in a manner consistent with Rastafarian religion beliefs, Nomad and Lawson were able to obtain adequate nourishment from foods permitted by their religious dietary laws.
 
 
 3
 The defendants conceded that they did not always provide all of the foods called for by the Rastafarian diet. Contrary to Nomad's and Lawson's assertions, however, they had no constitutional right to receive any particular food called for by that diet. They did, however, have a right to obtain adequate nourishment from foods served at the prison and permitted by their religious dietary laws, unless the failure to provide such foods was reasonably related to a legitimate penological interest. See O'Lone v. Estate of Shabazz, 55 U.S.L.W. 4792, 4793 (U.S. June 9, 1987) (No. 85-1722) (quoting Turner v. Safley, 55 U.S.L.W. 4719, 4722 (U.S. June 1, 1987) (No. 85-1384)); Ross v. Blackledge, 477 F.2d 616, 618-19 (4th Cir.1973); Abernathy v. Cunningham, 393 F.2d 775, 778 (4th Cir.1968).
 
 
 4
 Defendant Brown's affidavit states that when items called for in the diet were unavailable, he would provide Rastafarians with a substitute of equivalent nutritional value or with a larger portion of another food on the menu. If in fact substitutes of equivalent nutritional value were provided, it can be reasonably inferred that the diet remained nutritionally adequate. An affidavit from an inmate who works in the prison kitchen states that substitutes are never provided for foods that are not served on the Rastafarian menu, however, and this statement is supported by Nomad's and Lawson's verified complaint. In addition, there is no showing that providing a greater portion of one of the other foods on the menu when an item is unavailable is sufficient to provide Rastafarian inmates such as Nomad and Lawson with adequate nourishment. Thus, there is a factual dispute about whether the deviations from the Rastafarian diet meant that Nomad and Lawson were unable to obtain adequate nourishment from foods served at the prison and permitted by their religious beliefs.
 
 
 5
 The defendants have justified their failure to serve certain items on the menu due to lack of knowledge that certain foods contained ingredients unacceptable to Rastafarians, cost constraints, and temporary shortages. Nomad and Lawson have submitted no affidavits disputing defendant Brown's affidavit, which states that his failure to provide the plaintiffs with certain foods called for by the diet was due to excessive cost and temporary shortages. In addition, they have submitted no affidavit disputing Brown's lack of knowledge that the bread served to Rastafarians contained ingredients prohibited by their religion. Clearly, lack of knowledge, temporary unavailability, and excessive cost are adequate justifications for not providing foods required by Nomad's and Lawson's religious beliefs. We therefore affirm the judgment of the district court.[1] We dispense with oral argument because the facts and legal arguments are adequately presented in the informal brief and record and oral argument would not significantly aid the decisional process.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 Nomad and Lawson have complained in their informal brief about the prison's decision in July 1987 to discontinue the Rastafarian diet and to instead create a diet for all vegetarian inmates. They complain that this diet does not satisfy their need for vegetarian foods prepared without artificial additives or meat by-products. We do not address the merits of these contentions, as they were raised for the first time on appeal